## GROSSMAN v. LIEB.

(Supreme Court, Appellate Division, Second Department.   May 1, 1908.)

1. SALES—ACTIONS FOR PRICE—ISSUES AND PROOF.

Under the allegation of the complaint in an action by G. that he sold the goods, the price of which is sought to be recovered, he may, without it being stated in the complaint or summons, prove that he was doing business under the name of the W. Company.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 1041.]

2. EVIDENCE—PRESUMPTIONS—PERSONAL STATUS.

Where plaintiff in an action by G. for price of goods sold by him proves he was doing business under the name of the W. Company, it cannot, in the absence of evidence thereof, be presumed the company was a corporation or partnership.

Appeal from Municipal Court of New York.

Action by Morris Grossman against Henry Lieb. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Herman S. Bachrach, for appellant.
Max E. Lehman, for respondent.

HOOKER, J. The evidence on the part of the plaintiff shows that he was engaged in the plumbing business in the city of Brooklyn under the name of the Williamsburgh Plumbing Supply Company; that the defendant was also engaged in the plumbing business, and that the defendant by written order purchased of the plaintiff plumbing goods to the amount of $282.40; that the goods were delivered to the defendant's place of business; that thereafter defendant paid to plaintiff $100, leaving a balance due; that defendant had repeatedly promised to pay this alleged balance. The complaint was oral, the plaintiff declaring for goods sold and delivered. The answer was an oral general denial. On this state of proof and record the plaintiff's complaint was dismissed. A clear case entitling the plaintiff to recover was shown by the evidence, and it was error for the trial justice to dismiss the complaint.

It was not necessary that the summons or the complaint should say that the plaintiff was doing business under the name of the Williamsburgh Plumbing Supply Company. It was enough that the complaint alleged that he sold the goods, and he could make the allegation good on the trial in any way he could. There is no evidence that the company is a corporation or a partnership, and that cannot be presumed. The evidence is that the plaintiff did business under that name.

The judgment should be reversed, and a new trial ordered, costs to abide the event. All concur.